**Petition of Kathleen SCHAFFER.**

**Misc. No. 589.**

United States District Court,
E. D. Wisconsin.

Dec. 3, 1976.

WARREN, District Judge.

## ORDER

Petitioner, Kathleen Schaffer, seeks to obtain the disclosure of any and all testimony given by witnesses before grand juries in the Eastern District of Wisconsin relating to the death of William Weber. The petition is properly before this Court under rule 6(e) of the Federal Rules of Crim.Procedure.[1]

Kathleen Schaffer is charged in the Circuit Court of Milwaukee County with the murder of William Weber and is presently on trial for that homicide. The facts surrounding the homicide are somewhat complex. The petitioner, the homicide victim, and various associates were apparently involved in the distribution of controlled substances in the Milwaukee area, and there is cause to believe that the motivation for the homicide was drug related. Witnesses for the state have testified to the drug activities of these individuals during the critical period leading up to the murder of William Weber and have identified three individuals who were indicted by the Federal Grand Jury and subsequently convicted of offenses relating to the distribution of controlled substances. The latter three individuals are presently in federal custody and have not testified in the present homicide trial of Kathleen Schaffer.

In light of the apparent involvement and relation of these individuals with the victim and certain state witnesses, petitioner believes that certain unknown witnesses having knowledge of the death of William Weber may have testified before one or more grand juries. Disclosure of the grand

James M. Shellow, Stephen M. Glynn, Shellow & Shellow, Milwaukee, Wis., for petitioner.

Charles N. Clevert, Asst. U. S. Atty., Milwaukee, Wis., for the United States.

1. In a related action, *State of Wisconsin v. William J. Mulligan*, No. 76–C–781 (E.D.Wis., unpublished order dated December 3, 1976), this Court refused to adjudge the United States Attorney in contempt of court for noncompliance with a subpoena issued by the Circuit Court of Milwaukee County, Wisconsin. The Circuit Court sought to compel the disclosure of grand jury minutes by issuing an order to show cause. Prior to any hearing on the matter, the United States Attorney removed the contempt proceeding to the federal district court pursuant to 28 U.S.C. § 1442. The matter was set on for a hearing at which time the circuit court order for production of grand jury minutes and order to show cause was vacated upon the ground that the disclosure of grand jury minutes is within the exclusive discretion and control of the federal district court. *See,* rule 6(e) Fed.Rules Crim.Proc. Petitioner was, however, advised that the matter would be considered if it were properly placed before the Court.

jury minutes is therefore necessary, it is urged, to prove her innocence, impeach those witnesses who have testified against her, and to demonstrate that others had substantial motives for killing William Weber. Petitioner asserts that this compelling and "particularized" need far outweighs the time-honored policy of grand jury secrecy.

Petitioner acknowledges the difficult burden that confronts anyone seeking to overcome the policy of grand jury secrecy. The Court has discretion to release grand jury proceedings but only after a showing of "particularized" and compelling need. *Dennis v. United States*, 384 U.S. 855, 86 S.Ct. 1840, 16 L.Ed.2d 973 (1966); *Pittsburg Plate Glass Co. v. United States*, 360 U.S. 395, 79 S.Ct. 1237, 3 L.Ed.2d 1323 (1959). After hearing oral argument and reviewing the briefs submitted in support of and in opposition to said petition, the Court is of the opinion that petitioner has failed to satisfy the particularized need requirement which has been engrafted upon rule 6(e) of the Federal Rules of Crim.Procedure.

A brief glance at the petition reveals the lack of particularity set forth therein. Petitioner seeks "the release of any and all testimony given by witnesses before grand juries in the Eastern District of Wisconsin relating to the death of William Weber; the activity of William Weber prior to his death and the transactions between such witnesses and William Weber." Petition at p. 1. The broad nature of this request is readily apparent. In fact the only thing that can be said to be particularized is the general subject matter of the request. Petitioner in effect seeks to make the grand jury minutes available for discovery purposes in the hope that some unknown witness may provide exculpatory evidence in some form or another. Petitioner's inability to identify particular witnesses or even the particular grand jury is further evidence of the general nature of this request although such specificity is not necessarily required to meet the burden of particularized need.

Petitioner argues that a rigid application of the particularized need requirement places her in a "catch-22" predicament. As the grand jury minutes are secret, she is unable to narrow her request. The Court is not unmindful of the difficult position confronting petitioner and the rather vague contours of the term "particularized need." In fact, the term is probably incapable of definition and this Court declines to even make an attempt in this regard. Other courts when faced with this problem appear to have examined the facts on a case by case basis. In the final analysis the decision requires a balancing of the particular need of the petitioner and the strong policy rationale in favor of the secrecy of grand jury proceedings.[2]

An examination of the many cases which have considered this question reveals that the petitioner must demonstrate more than the mere hope that a witness's testimony was inconsistent with what he told the grand jury, *United States v. Cole*, 365 F.2d 57 (7th Cir. 1966), or more than the mere hope that disclosure will provide some form of exculpatory evidence. The traditional attitude has been one of great reluctance to make grand jury minutes available for the purposes of discovery. *See*, Wright, Fed. Pract. and Proc.: Criminal § 108 at 187.

In balancing the need for secrecy with the need for disclosure in the case at bar,

---

2. The reasons behind the long-established policy that maintains the secrecy of grand jury proceedings were summarized in *United States v. Rose*, 215 F.2d 617, 628–629 (3rd Cir. 1954):

(1) To prevent the escape of those whose indictment may be contemplated; (2) to insure the utmost freedom to the grand jury and its deliberations, and to prevent persons subject to indictment or their friends from importuning the grand jurors; (3) to prevent subornation of perjury or tampering with the witnesses who may testify before grand jury and later appear at the trial of those indicted by it; (4) to encourage free and untrammeled disclosures by persons who have information with respect to the commission of crimes; (5) to protect innocent accused who is exonerated from disclosure of the fact that he has been under investigation, and from the expense of standing trial where there was no probability of guilt.

the Court is compelled to rule in favor of nondisclosure. The Court is especially hesitant to establish a precedent which, in the final analysis, would emasculate the particularity requirement of rule 6(e) and place the Court in a position of reviewing the voluminous minutes of grand jury proceedings in the hope that exculpatory evidence is available in some form or another. Even if the Court were to accept the burden, there are far-reaching implications which may effect the proper functioning of the federal grand jury. The Court is particularly concerned with the salutary policy of secrecy which is designed, *inter alia*, to encourage free and untrammeled disclosures by persons who have information with respect to the commission of crimes. This Court declines to relax petitioner's burden in this regard and is of the opinion that to hold in favor of petitioner in the context of this case would have such a result.

A final comment should be made with regard to the sealed grand jury minutes which were presented to the Court by the United States Attorney. In the exercise of its discretion, the Court declines to conduct an *in camera* inspection because of the broad nature of petitioner's request. The Court has, however, reviewed the list of grand jury witnesses and has determined that none of the witnesses or individuals identified by petitioner in connection with the state proceedings appeared before the grand jury.

For the foregoing reasons, it is

ORDERED that the petition filed in behalf of Kathleen Schaffer be and is hereby DENIED;

ORDERED that the grand jury minutes be returned to the custody of the United States Attorney for safekeeping, and the United States Attorney is further directed to maintain said minutes in the event that petitioner wishes to appeal from said order.